UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 14, 2017

LETTER TO COUNSEL

RE: *Thomas S. Knotts v. Commissioner, Social Security Administration*;
Civil No. SAG-16-3561

Dear Counsel:

On October 26, 2016, Plaintiff Thomas S. Knotts petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. [ECF No. 1]. I have considered the Commissioner's Motion for Summary Judgment, Mr. Knotts's reply, and the other documents and letters filed by both parties. [ECF Nos. 23, 26, 31, 37]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny the Commissioner's motion, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Knotts filed a claim for Disability Insurance Benefits ("DIB") on March 1, 2011, alleging a disability onset date of July 1, 2010. (Tr. 84-85). His claim was denied initially and on reconsideration. (Tr. 75-76, 80-83). A hearing was held on January 27, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 736-83). Following the hearing, the ALJ determined that Mr. Knotts was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 17-28). The Appeals Council ("AC") denied Mr. Knotts's request for further review, (Tr. 6-9), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Knotts suffered from the severe impairments of chronic obstructive pulmonary disease (COPD), learning disorder, mild sleep apnea, obesity, mild degenerative disc disease, and depression. (Tr. 19). Despite these impairments, the ALJ determined that Mr. Knotts retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) with the following additional limitations: he can only occasionally climb stairs or ramps, but never ladders, ropes, or scaffolds; he is limited to simple, repetitive tasks with only occasional changes in routine; he cannot tolerate exposure to extreme heat, extreme cold, extreme humidity, airborne irritants such as dusts, odors, gases, or poor ventilation; and he can only perform work at a language level of one.

(Tr. 21). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Knotts could perform two jobs existing in the national economy and that, therefore, he was not disabled. (Tr. 27-28).

Mr. Knotts raises several arguments in opposition to the Commissioner's motion for summary judgment: (1) that the ALJ's holding runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); (2) that the ALJ did not properly consider the opinion of Dr. Merrion; (3) that the ALJ did not provide support for the finding that Mr. Knotts could perform jobs at language level one; (4) that the ALJ did not account for Mr. Knotts's need to use a home nebulizer every four hours; and (5) that the ALJ made an improper adverse credibility determination. I concur with Mr. Knotts's first two arguments, and thus remand is appropriate. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Knotts is not entitled to benefits is correct.

Starting with the successful arguments, in *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et seq*. pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. § 404.1620a(c)(4). To satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. § 12.00(C)(3). Social Security

regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id*.

In the instant case, the ALJ found that Mr. Knotts had moderate difficulties in the area of concentration, persistence, or pace. (Tr. 20). The entirety of the analysis states:

> Here both the claimant and the medical evidence are again in agreement. The claimant described some trouble in this area, and his treating mental health providers and the other psychologists who evaluated him seem to have found this to be consistent. Difficulties with memory were noted, for example, although the claimant did retain some functioning (since he reported being able to watch TV without difficulty).

*Id*. According to 20 CFR § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 CFR § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

>At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Id.* § 404.1520a(e)(4). The cursory analysis provided by the ALJ in Mr. Knotts's case fails to fulfill these requirements. It appears that the ALJ believed Mr. Knotts to have moderate difficulties in concentration, persistence, and pace, instead of mild or no difficulties. Moreover, that belief is substantiated by the psychological evaluation of Dr. Merrion. Dr. Merrion determined, in relevant part, that "[t]he claimant lacks persistence due to lethargy and his pace was slow." (Tr. 300). Dr. Merrion also found that Mr. Knotts "has a mildly impaired ability to deal with the normal stressors and demands encountered in competitive employment because of his very limited language-based skills and deteriorating memory[.]" (Tr. 304). Similarly, another examiner, Dr. Hales, noted that Mr. Knotts exhibited "a tendency to become mildly distracted" and determined that his "symptoms do appear to impact functioning in a significant manner." (Tr. 392-93). Despite this medical evidence, the ALJ's RFC assessment includes no limitation to deal with Mr. Knotts's impairment in the ability to concentrate or maintain a pace of work over an eight-hour workday. In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider whether the RFC assessment needs to be changed in order to accommodate Mr. Knotts's moderate limitation under the dictates of *Mascio*.

In light of the remand described above, Mr. Knotts's remaining arguments need not be addressed in detail. On remand, however, the ALJ should also (1) determine whether Mr. Knotts's reading abilities measure up to a Language level of one;[1] (2) assess the veracity of Mr. Knotts's testimony that he requires use of a home nebulizer multiple times per day; and (3) ensure that the opinion contains an adequate assessment of Mr. Knotts's credibility, citing to objective and non-objective evidence of record.

For the reasons set forth above, Defendant's Motion for Summary Judgment, (ECF No. 31), is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

---

[1] This assessment is particularly critical, given the VE's testimony that, if Mr. Knotts cannot work at a Language level of one, no jobs would be available to him. (Tr. 780). Moreover, it appears that at least one of the jobs identified by the VE in this case may require a Language level of two, and thus may have been identified in error. Pl. Mot. Exh. B.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge